The only issue in this suit, instituted for the purpose of recovering a balance of $197.94 allegedly due to plaintiff, Mrs. Freta Sullivan Daniel, for money lent, is whether the litigated obligation is that of defendant L.L. Davidson or is solely one of the Loraine Transfer Company, Inc., of which Davidson is president and general manager.
Davidson was held by the trial judge, on resolving the question of fact presented, to be personally responsible for the debt; and from the judgment rendered he appealed.
It is impossible for us to conclude that the announced holding is manifestly erroneous, as appellant would have us do, in view of the hereinafter mentioned facts and circumstances shown by the evidence.
The funds were lent by plaintiff while she was employed by the Loraine Transfer Company, Inc., in the capacity of its bookkeeper and stenographer. At the request of defendant Davidson she deposited $50 on October 21, 1937, in that corporation's account at the Bossier State Bank of Bossier City, Louisiana, and on April 7, 1938, she made a similar deposit of $100. On those dates he had no individual bank account, his personal banking being handled through the account of the corporation.
In the fall of 1938, Davidson personally owned an oil and gas lease in the Pine Island Oil Field. At the same time he held a contract with the Stanolind Oil Company that obligated him to furnish gas to it. In order to comply with this obligation, it was necessary that a new well be drilled; and sufficient funds for the drilling were not then in his possession. Whereupon he proposed to plaintiff that she lend him $1,200, such amount to include the $150 which she had previously advanced.
Plaintiff, in acceptance of the proposal and at Davidson's direction, made several deposits totaling $1,037.94 in the aforementioned bank account of the Loraine Transfer Company, Inc., from October 11, 1938, to December 13, 1938, both dates inclusive. During this period Davidson maintained an account in his individual name in the Arp State Bank of Arp, Texas, from which he issued checks in payment of his drilling operations; and there was a frequent transfer of funds or, as he described the transactions, a swapping of checks between that account and the corporation's bank account.
A subsequent interest charge of $10 paid by plaintiff in connection with a bank loan obtained in Davidson's behalf, regarding which there seems to be no controversy, increased the advances made to a total of $1,197.94. Of this amount, she has been reimbursed the sum of $1,000; and there is left the balance in dispute of $197.94.
The following testimony of Davidson significantly supports plaintiff's demands:
"Q. Did you have an oil and gas lease? A. Yes, sir.
"Q. Where was it? A. In the Pine Island Field.
"Q. In whose name was it? A. It was in the name of L.L. Davidson. I told Miss Sullivan (now Mrs. Daniel) that if she would loan or let me have some money to drill the well with, that if we made a gas well, or if we did get a well, she was to get Sixteen Hundred ($1600.00) Dollars for the loan of Twelve Hundred ($1200.00) Dollars out of the first checks that came from the Stanolind Oil Company. *Page 182 
We failed to get a well but I assured her if she would loan that money she would not lose and I would repay her the principal but no bonus. She gambled with me."
Recovery of the mentioned bonus of $400 is not sought by plaintiff in this suit.
Also pertinent is a letter addressed by Davidson to a third party under date of July 5, 1939, in which he said: "This is to certify that Mrs. Freta S. Daniel holds my note, payable on demand, for the amount of Sixteen Hundred ($1,600.00) Dollars. Note made November 5th, 1938, Shreveport, Louisiana. This note is to be paid in full on date presented for payment."
Admittedly plaintiff did not hold a note such as the letter describes; but the quoted communication is in corroboration of her testimony that the indebtedness herein is owed by Davidson.
The judgment is affirmed.