LUTHER E. PIALL, Judge pro tern.
The plaintiff, Charles A. Neyrey, was married to the defendant, Betty Jane Skelly, on August 13, 1954. On May 27, 1958, the community of acquets and gains existing between them was dissolved by a judgment of separation a mensa et thoro.
On December 18, 1958, Charles A. Ney-rey filed this suit for a partition of the community and coupled with it a rule against his wife ordering her to show cause why certain debts listed in his petition should not be decreed to be debts of the community.
On the trial of the rule the community status of certain debts on plaintiff’s list was agreed to by stipulation of the parties leaving the status of only three items of indebtedness in controversy. These three contested items are obligations purportedly incurred by plaintiff during the existence of the community in favor of certain members of his family as follows:
1) In favor of Mrs. Lucille Neyrey Coker (his sister) for $250.
2) In favor of Mrs. Lucille Theard Neyrey (plaintiff’s mother and divorced wife of Marion G. Neyrey) for $750.
*344 3) In favor of Marion G. Neyrey (plaintiff’s father) for $1,500.
In representation of these purported obligations plaintiff made and signed promissory notes payable to the order of each of said relatives covering the'amount of the respective claims of each.
All of these notes had been reduced to judgments obtained against plaintiff in the First City Court by the payees of the notes prior to trial of the rule but subsequent to the judgment of separation.
After hearing the rule the District Judge rendered judgment making the rule absolute and decreeing that each of the three debts in controversy were debts of the community to be paid out of the property thereto-' fore held in common by the parties.
From this judgment the defendant, Betty Jane Skelly Neyrey, prosecutes this appeal.
She bases her appeal on three points.
1) Inconsistency of testimony (primarily).
2) That the wife should have been allowed to show on the trial that the judgments on the notes were obtained by fraud.
3) That the indebtedness of $1,500 to Marion G. Neyrey was a debt owned by a corporation to a corporation and not a debt of the community.
There is no merit in the second point raised by appellant for the reason that the record shows the District Court did not rule out any testimony but heard all of the evidence appellant sought to offer.
As to the first point the confusion and inconsistency complained of in the testimony of the husband and the members of his family relates almost entirely to the question of who actually drew up the notes and who delivered them to the attorney for institution of legal proceedings. It appears that the notes were drawn up by the husband himself, but it actually makes no difference who drew the notes or who delivered them to the attorney. What is at issue is whether the purported debts in representation of which the notes were given were actual bona fide obligations incurred by the husband during the community.
The $250 claim of plaintiff’s sister, Mrs. Coker, purportedly represents the purchase price of a used automobile. Mrs. Coker testified that she sold the car to plaintiff for $250 during the existence of the community and plaintiff testified that he purchased it from her at that price. The defendant wife admits “we were using her car”, but “we didn’t buy the car”. She also testified that after the car stopped running “I believe the junk man took it”. The plaintiff husband’s testimony was that he had bought the car and finally sold it for scrap metal. There was no other testimony with respect to this item.
The $750 claim of plaintiff’s mother, Mrs.. Lucille Theard Neyrey, purportedly arises-out of two loans aggregating that amount made by Mrs. Neyrey to her son. Both the plaintiff and his mother testified that the two loans were made during the existence of the community- — one for $250 and the other for $500. Mrs. Neyrey testified that she obtained the money from the Pelican Homestead Association. The records of her account with the Pelican Homestead Association, which are in evidence, show that she had withdrawn $243.39 on one occasion and $500 a month or so thereafter. These withdrawals, as shown by the Homestead records, were made during the existence of the community between plaintiff and' defendant and at a time when plaintiff was-incapacitated from working by illness, hospitalization and surgery.
The $1,500 claim of plaintiff’s father,, Marion G. Neyrey, purports to result from a loan in that amount to the plaintiff during the existence of the community.
The facts with reference to this transaction are as follows: Marion G. Neyrey as President of Southwestern Business College, Inc., a family corporation, whose en *345 tire stock is owned by the said Marion G. Neyrey and his divorced wife, Mrs. Lucille Theard Neyrey, obtained a $1,500 loan from the Metairie Savings Bank and Trust Company on his corporation’s note signed by him as president and guaranteed by him personally. The proceeds of this loan were credited by the bank, acting on his instructions, to the checking account of Official Court Reporting Agency, Inc., another family corporation whose stock in its entirety is owned by the plaintiff husband and his defendant wife, and of which the plaintiff was president. All of this occurred during the existence of the community between plaintiff and defendant.
Appellant argues ■ that the community owned corporation and not the community is liable for repayment of this loan.
The circumstances of the transaction do not support the contention that it was merely an intercorporate loan. Not only is no corporate purpose (for either corporation) shown for the loan, but on the contrary the evidence as a whole makes it clear that the father merely used his corporation as a convenient means for his personal purpose of borrowing money to lend to his son; and the son in turn used his corporation as a convenient means of receiving the funds loaned by the father. See Daniel v. Davidson, La.App., 5 So.2d 181. Obviously the father had no interest in lending money to a corporation that had no credit but he did have an interest in lending money to his son.
The District Judge found that the $1,500 was advanced to the plaintiff as head and master of the community. He also found that the claims of Mrs. Coker and of Mrs. Lucille Theard Neyrey are properly debts of the community.
We find no manifest error in the District Judge’s conclusions.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.